# EXHIBIT 1

FILED
Annell Hounshell
CLERK, SUPERIOR COURT
01/21/2022 9:23AM
BY: GCASTILLO
DEPUTY

Case No.: S0100CV202200011
HON. GARRETT WHITING

**LERNER & ROWE, P.C.**
Thomas J. Howard, SBN 09125
2701 E. Camelback Road, Ste. 140
Phoenix, Arizona  85016
Telephone:    (602) 977-1900
Fax:             (602) 977-1901
*thoward@lernerandrowe.com*
*minute_entries@lernerandrowe.com*
Attorney for Plaintiffs

## IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF APACHE

| | |
|---|---|
| SHEROD BRIDE, Individually, | No. |
| Plaintiffs, | **COMPLAINT** |
| vs. | |
| BASIN WESTERN, INC., JACOB KOONTZ and JANE DOE KOONTZ, Individually and as Husband and Wife;, JOHN DOES I-X and JANE DOES I-X, individually and/or as husband and wife; BLACK CORPORATIONS I-X and WHITE LIMITED PARTNERSHIPS I-X, | (Tort/Motor Vehicle – Non-Death Injuries) |
| Defendants. | |

Plaintiffs, by and through undersigned counsel, for their Complaint hereby alleges as follows:

### JURISDICTIONAL ALLEGATIONS

1.      The events that form the basis for this complaint occurred within Maricopa County, Arizona and venue in this court is proper pursuant to A.R.S. § 12-401.

2.      The damages sought in this matter are within the original jurisdiction of this court.

### PARTIES

3.      Plaintiffs reside in Gilbert, Maricopa County, Arizona.

4.      Upon information and belief, Plaintiff alleges that at all times relevant, Defendants

were residents of Dolores County, Colorado.

5.      Defendants John Does I-X and Jane Does I-X are individuals and/or married couples whose identities are presently unknown to Plaintiff, and so are sued under an alias.  The true names of Defendants John and Jane Does will be substituted when the true names are learned. Defendants John and Jane Does, if married, at all times relevant hereto acted for and on behalf of their marital community.

6.      Defendants Black Corporations I-X and White Limited Partnerships I-X are corporations, limited partnerships, limited liability concerns, or other business entities, either chartered within Arizona or authorized to do business in the State of Arizona, but whose identities are presently unknown to Plaintiff, and so are sued under an alias.  The true names of Defendants Black and White Corporations will be substituted when learned.

## GENERAL ALLEGATIONS

7.      Plaintiff realleges and incorporates herein by this reference the allegations in Paragraphs 1 through 6 of his Complaint as though expressly set forth herein.

8.      On or about January 10, 2020, Plaintiff Sherod Bride (herein after "Sherod") was operating his 2002 Ford 150 at the time of the subject collision.

9.      On or about January 10, 2020, Defendant Koontz was operating a 2003 Kenworth Semi Truck at the time of the subject collision.

10.     At all times relevant hereto, Defendant Koontz acted for and on behalf of his marital community.

11.     At all material times Defendant Koontz was within the course and scope of his employment with Defendant Basin Western, which is vicariously liable for the negligence if its employee.

12.     Defendants, and all of them, caused certain acts to occur on or about January 10, 2020, in Phoenix, Arizona.

## COUNT I – NEGLIGENCE

13.     Plaintiff realleges and incorporates herein by this reference Paragraphs 1 through 15 of his Complaint as though expressly set forth herein.

14.     On or about January 10, 2020, Plaintiff Sherod was traveling eastbound on Highway

- 2 -

180 and defendant Koontz was driving westbound on Highway 180 when he collided head on with Plaintiff Sherod's vehicle.

15.     Upon information and belief, Plaintiff alleges Defendant Koontz was negligent for failing to operate his vehicle in a reasonable and safe manner under the circumstances and collided into Plaintiff's vehicle.

16.     Defendant Koontz owed a duty of care to Plaintiff to operate his vehicle in a reasonable and prudent manner to avoid colliding with Plaintiffs' vehicle.

17.     Defendant Koontz breached the duty of care to Plaintiff, causing the collision and causing bodily injuries to Plaintiffs by failing to exercise due care in the operation of his vehicle.

18.     As a result of the collision caused by Defendant Koontz's negligence, Plaintiff suffered pain and suffering, inconvenience, curtailment of their usual activities, loss of enjoyment of life, great pain of body and mind, inconvenience, loss of enjoyment, and pain and suffering in the future.

19.     As a result of the collision caused by Defendant Koontz's negligence, Plaintiff incurred expenses for medical treatment and expenses for related treatment and care as a result of injuries sustained in this collision, and Plaintiff will continue to incur such expenses in the future.

20.     As a result of Defendant Koontz breach of the duty of care, Plaintiff lost time from regular employment and has lost wages.

## COUNT II – NEGLIGENCE PER SE

21.     Plaintiff realleges and incorporates herein by this reference Paragraphs 1 through 23 of their Complaint as though expressly set forth herein.

22.     Defendant Koontz owed a duty of care to Plaintiff, along with other motorists on the roadway, to operate his vehicle in a reasonable and safe manner, in accordance with, and respecting of Arizona's traffic laws, and that did not create hazard for motorists on the roadway.

23.     This violation was the direct and proximate cause of Plaintiff's injuries and damages.

## COUNT III – OTHER

24.     Plaintiff verifies this matter as a Tier 3 case.

**WHEREFORE,** Plaintiff prays for Judgment against Defendants, and all of them, as follows:

A.     For general damages, in an amount to be proven at trial of this matter;

B.     For special damages, in an amount to be proven at trial of this matter;

C.     For such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 20th day of January, 2022.

**LERNER & ROWE, P.C.,**


By /s/ *Thomas J. Howard*
Thomas J. Howard, Esq.
2701 E. Camelback Road, Ste. 140
Phoenix, Arizona  85016
*Attorney for Plaintiff*


/s/ *Lorena Suarez*

FILED
Annell Hounshell
CLERK, SUPERIOR COURT
01/21/2022  9:23AM
BY: GCASTILLO
DEPUTY

Case No.: S0100CV202200011
HON. GARRETT WHITING

Person/Attorney Filing: Thomas J Howard
Mailing Address: 2701 East Camelback Road Suite 140
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)977-1900
E-Mail Address: lsuarez@lernerandrowe.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 009125, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF APACHE

Sherod August Bride
Plaintiff(s),
v.
Basin Western, Inc., et al.
Defendant(s).

Case No.

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Apache County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By:  Thomas J Howard /s/
     Plaintiff/Attorney for Plaintiff

FILED
Annell Hounshell
CLERK, SUPERIOR COURT
04/13/2022  2:43PM
BY: TNELSON
DEPUTY

1 | **LERNER & ROWE, P.C.**
Thomas J. Howard, Esq., SBN 09125
2 | Litigation Department
2701 E. Camelback Rd., Suite 140
3 | Phoenix, Arizona 85016
Telephone:  (602) 977-1900
4 | Direct:        (602) 952-3183
Fax:            (602) 977-1901
5 | *thoward@lernerandrowe.com*
*minute_entries@lernerandrowe.com*
6 | *Attorneys for Plaintiff*

7

### IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF APACHE

| | |
|---|---|
| SHEROD AUGUST BRIDE, | No. S0100CV202200011 |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| vs. | **(Tier 3)** |
| BASIN WESTERN, INC., a Utah business entity; JACOB THOMAS KOONTZ and JANE DOE KOONTZ, husband and wife; RODNEY THOMPSON and BONNIE THOMPSON, husband and wife; ROD THOMPSON TRUCKING, LLC, a business entity; JOHN DOES and JANE DOES 1-10; ABC Corporations 1-10; XYZ Partnerships 1-10; | (Tort - Motor Vehicle; Negligence Per Se) |
| Defendants. | |

Plaintiff Sherod August Bride, through the law firm of Lerner and Rowe, alleges as follows:

### GENERAL ALLEGATIONS

1.     Plaintiff Sherod August Bride is and at all times relevant, was a resident of Apache County, State of Arizona; that the events giving rise to the cause of action set forth herein took place within Apache County, State of Arizona; and that this court has jurisdiction over the subject matter and parties to this litigation.

2.     Defendants Jacob Thomas Koontz was acting individually and on behalf of the marital community of Jane Doe Koontz, and that in this regard, Plaintiff requests leave of this Court to supply the correct name of Defendant Jane Doe Koontz when ascertained and Jane Doe Koontz, upon information and belief were at the time of the subject incident residents of Dolores County, Colorado.

3.     At all times material herein, Defendant Jacob Thomas Koontz operated a tractor trailer owned and operated by Defendant Rod Thompson Trucking, LLC and/or Rodney Thompson and/or Basin Western, Inc. and was acting as an agent, servant or employee within the scope of his employment on behalf of Defendant Rod Thompson Trucking, LLC and/or Rodney Thompson and/or Basin Western, Inc., therefore, Defendant Rod Thompson Trucking, LLC and/or Rodney Thompson and/or Basin Western, Inc. should be held liable to Plaintiff for the actions of Defendant Jacob Thomas Koontz on the theory of *respondeat superior*, agency, equitable estoppel, or other applicable law.  Defendant Rod Thompson Trucking, LLC and/or Rodney Thompson and/or Basin Western, Inc. are vicariously liable to Plaintiff for all injuries and other damages cause by Defendant Jacob Thomas Koontz.

4.     Defendant Rodney Thompson was acting individually and on behalf of the marital community of Bonnie Thompson and upon information and belief were at the time of the subject incident residents of Duchesne County, Utah.

5.     Defendant Rod Thompson Trucking, LLC is a Utah business entity and conducts business in the State of Arizona.

6.     Defendant Basin Western, Inc. is a Utah business entity and conducts business in the State of Arizona.

7.     John Does and Jane Does 1-10 are fictitiously named individuals whose action/inaction and/or negligent conduct in the events herein described caused injuries to the Plaintiff.  These fictitiously named Defendants were acting in furtherance of their marital communities.  These Defendants are sued under a fictitious name until their true identify becomes known.

8.    ABC Corporations 1-10 are corporations existing under the laws of an unknown jurisdiction whose action/inaction and/or negligent conduct in the events herein described caused injuries to the Plaintiff.

9.    XYZ Partnerships 1-10 are partnerships existing under the laws of an unknown jurisdiction whose action/inaction and/or negligent conduct in the events herein described caused injuries to the Plaintiff.

10.    Defendants' employees were persons, agents or employees whose true names are not known to Plaintiff at this time.  All Defendants' employees were acting within the course and scope of their employment or under the direction and control of Defendants, or under such other circumstances as to justify imputing responsibility to Defendants, for the careless, negligent and reckless acts complained of herein.

11.    The amount in controversy exceeds the jurisdictional threshold of this court.

### FACTS IN COMMON TO ALL COUNTS

12.    Plaintiff re-alleges and incorporates paragraphs 1-11 above as if fully set forth herein

13.    On or about January 10, 2020, Defendant Jacob Thomas Koontz, who was operating a tractor trailer owned and operated by Defendants Rod Thompson Trucking, LLC and/or Rodney Thompson and/or Basin Western, Inc. and was acting as an agent, servant or employee within the scope of his employment on behalf of Defendant Rod Thompson Trucking, LLC and/or Rodney Thompson and/or Basin Western, Inc., therefore, Defendant Rod Thompson Trucking, LLC and/or Rodney Thompson and/or Basin Western, Inc., was traveling westbound on highway US-180, near milepost 353 in St. Johns, Arizona, Apache County.

14.    On or about January 10, 2020, Plaintiff Sherod August Bride was traveling eastbound on highway US-190, near milepost 353 in St. Johns, Arizona, Apache County.

15.     On or about January 10, 2020, Defendant Jacob Thomas Koontz negligently caused a collision with Plaintiff's vehicle when he crossed the center lane of traffic while traveling westbound on highway US-190, near milepost 353 in St. Johns, Arizona, Apache County.

16.     On or about January 10, 2020, Defendant Jacob Thomas Koontz had a duty to drive his vehicle within a single lane and not move that vehicle from that lane until the driver has first ascertained that they movement can be made safely, pursuant to A.R.S. §28-729.

17.     On or about January 10, 2020, as a result of inattention and violating A.R.S. §28-729 Defendant Jacob Thomas Koontz negligently collided with Plaintiff Sherod August Bride, and is negligent *per se*.

18.     On January 10, 2020, Defendant Jacob Thomas Koontz had a duty to operate the vehicle that he was driving and control his speed to avoid colliding into Plaintiff's vehicle, pursuant to A.R.S. §28-701A.

19.     On January 10, 2020, Defendant Jacob Thomas Koontz was negligently operating the vehicle he was driving in an unsafe manner by failing to control his speed to avoid colliding into Plaintiff, thus, violating A.R.S. §28-701A, and is negligent *per se*.

20.     As a result of the injuries Plaintiff sustained on January 10, 2020, Plaintiff was airlifted to a nearby hospital for emergency medical treatment with severe life-threatening injuries.

21.     In the collision, Plaintiff sustained a head trauma and brain injury.

22.     As a result of the injuries Plaintiff sustained on January 10, 2020, Plaintiff was hospitalized for weeks following the collision.

23.     Plaintiff was severely mentally incapacitated until at least February 2022.

24.     As a result of the collision on January 10, 2020, Plaintiff sustained severe injuries, including but not limited to traumatic brain injury, broken left tibia, broken left hip socket, broken left forearm, shattered left hand, ruptured spleen and a collapsed lung.

25.     As a result of the injuries, Plaintiff was mentally incapacitated and of unsound mind until at least February 2022.

26.     At the cause of the accrual of the action herein, Plaintiff Bride was incompetent and of an unsound mind, such that pursuant to A.R.S. § 12-502A, the statute of limitations should be tolled until the removal of the disability.

27.     Plaintiff's disability of an unsound mind would not be removed until at least February 2022.

28.     To this day, Plaintiff is still not able to drive and has severe complications and memory issues as a result of his traumatic brain injury.

## COUNT ONE

### (Negligence)

29.     Plaintiff re-alleges and incorporates paragraphs 1-28 above as if fully set forth herein.

30.     As a commercial drivers license holder, Defendant Jacob Koontz had a duty to drive with the care and skill necessary to operate an 18-wheeler on the highway in a safe manner.

31.     On or about January 10, 2020, as a result of inattention and violating A.R.S. §28-729 Defendant Jacob Thomas Koontz negligently collided with Plaintiff Sherod August Bride, and is negligent *per se*.

32.     On January 10, 2020, Defendant Jacob Thomas Koontz had a duty to operate the vehicle that he was driving and control his speed to avoid colliding into Plaintiff's vehicle, pursuant to A.R.S. §28-701A.

33.     As a direct and proximate result of the aforementioned negligence, Plaintiff sustained personal injuries, necessitating the incurring of expenses for medical care and treatment and will continue to sustain such expenses in the future.

## COUNT TWO

### (Failure to Properly Train and Supervise)

34.     Plaintiff re-alleges and incorporates paragraphs 1-33 above as if fully set forth herein.

35.     Before January 10, 2020, Defendants had a duty to properly train and supervise Defendant Jacob Koontz.

36.     Before January 10, 2020, Defendants had a duty to properly train and supervise Defendant Jacob Koontz decided not to properly train and/or supervise its employees/agents in safe driving practices and this failure to train and supervise was a direct and proximate cause of injury to plaintiff.

37.     Before January 10, 2020, Defendants was aware or should have been aware that Defendant Jacob Koontz lacked the proper training and/or supervision to the extent that its employee created a substantial risk of harm to other drivers on the roadway.

38.     As a further direct and proximate cause of the negligent, reckless, and careless conduct of Defendants, Plaintiff sustained personal injuries, which caused him pain, suffering, distress, mental and emotional anguish and anxiety, and a general decrease in his quality and enjoyment of life, all in an amount to be proven at trial.

39.     As a further direct and proximate result of the negligent, reckless, and careless conduct of Defendants, Plaintiff has incurred expenses for medical care and may incur expenses for future medical care, all in an amount to be proven at trial.

40.     As a further direct and proximate result of the negligent, reckless, and careless conduct of Defendants, Plaintiff has incurred past loss of earnings and future earning capacity, all in an amount to be proven at trial.

41.     As a further direct and proximate result of the negligent, reckless, and careless conduct of Defendants, Plaintiff has lost past and future household services all in an amount to be proven at trial.

42.     As a further direct and proximate result of the negligent, reckless, and careless conduct of Defendants, Plaintiff has suffered damage to his personal property, and is entitled to compensation for repair or replacement of the property, all in an amount to be proven at trial.

43.     The characteristics of this case are consistent with a Tier 3 designation of Rule 26.2, Ariz. R. Civ. P., as there will be more than minimal documentary evidence and more than a few witnesses. This case includes a wage loss claim and surgery and the monetary damages are likely to exceed $300,000.00.

WHEREFORE, Plaintiff prays for Judgment against Defendants, and each of them, as follows:

(1)     For general and reasonable compensatory damages in an amount to be proven at trial;

(2)     For special damages and loss of income, medical and other expenses which have been incurred and will be incurred in the future;

(3)     For Plaintiff's costs herein; and

(4)     For such other relief as the Court deems proper.

**RESPECTFULLY SUBMITTED** this 13th day of April 2022.

**LERNER & ROWE, P.C.,**

By      */s/ Thomas J. Howard, Esq.*
        Thomas J. Howard, Esq.
        2701 E. Camelback Rd., Ste. 140
        Phoenix, Arizona 85016
        *Attorneys for Plaintiff*

1

**LERNER & ROWE, P.C.**
Thomas J. Howard, Esq., SBN 09125

2

Litigation Department
2701 E. Camelback Rd., Suite 140

3

Phoenix, Arizona 85016
Telephone:   (602) 977-1900

4

Direct:        (602) 952-3183
Fax:            (602) 977-1901

5

*thoward@lernerandrowe.com*
*minute_entries@lernerandrowe.com*

6

*Attorneys for Plaintiff*

7

8

## IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

9

## IN AND FOR THE COUNTY OF APACHE

10

11

SHEROD AUGUST BRIDE,

No. S0100CV202200011

12

                            Plaintiff,

**PLAINTIFF'S CERTIFICATE**

13

vs.

**REGARDING TIER SELECTION**

14

BASIN WESTERN, INC., a Utah business

15

entity; JACOB THOMAS KOONTZ and JANE
DOE KOONTZ, husband and wife; RODNEY

16

THOMPSON and BONNIE THOMPSON,
husband and wife; ROD THOMPSON

17

TRUCKING, LLC, a business entity; JOHN
DOES and JANE DOES 1-10; ABC

18

Corporations 1-10; XYZ Partnerships 1-10;

19

20

                            Defendants.

21

            The undersigned certifies that he knows the dollar limits and any other limitations

22

set forth by the local rules of practice for the applicable superior court, and further certifies that

23

this case falls within the requirements for a **TIER 3** case.

24

25

        **RESPECTFULLY SUBMITTED** this 20th day of April, 2022:

26

                                        **LERNER & ROWE, P.C.,**

27

                                By     */s/ Thomas J. Howard, Esq.*

28

                                        Thomas J. Howard, Esq.
                                        *Attorneys for Plaintiff*

- 1 -

1  **LERNER & ROWE, P.C.**
   Thomas J. Howard, Esq., SBN 09125
2  Litigation Department
   2701 E. Camelback Rd., Suite 140
3  Phoenix, Arizona 85016
   Telephone:   (602) 977-1900
4  Direct:        (602) 952-3183
   Fax:          (602) 977-1901
5  *thoward@lernerandrowe.com*
   *minute_entries@lernerandrowe.com*
6  *Attorneys for Plaintiff*

7

8              **IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA**

9                   **IN AND FOR THE COUNTY OF APACHE**

10

11 SHEROD AUGUST BRIDE,                          No. S0100CV202200011

12                          Plaintiff,           **PLAINTIFF'S DEMAND FOR JURY
                                                 TRIAL**
13 vs.

14 BASIN WESTERN, INC., a Utah business
   entity; JACOB THOMAS KOONTZ and JANE
15 DOE KOONTZ, husband and wife; RODNEY
   THOMPSON and BONNIE THOMPSON,
16 husband and wife; ROD THOMPSON
   TRUCKING, LLC, a business entity; JOHN
17 DOES and JANE DOES 1-10; ABC
   Corporations 1-10; XYZ Partnerships 1-10;
18
19
20                          Defendants.

21        Pursuant to Rule 38(b), Arizona Rules of Civil Procedure, Plaintiff, by and through counsel

22 undersigned, hereby **DEMANDS TRIAL BY JURY ON ALL COUNTS**.

23        **RESPECTFULLY SUBMITTED** this 20th day of April, 2022:

24

25                                          **LERNER & ROWE, P.C.,**

26                                    By    */s/ Thomas J. Howard, Esq.*
                                            Thomas J. Howard, Esq.
27                                          *Attorneys for Plaintiff*

28

                                         - 1 -

FILED
Annell Hounshell
CLERK, SUPERIOR COURT
04/18/2022  3:25PM
BY: GCASTILLO
DEPUTY

TO: <u>Tom Howard (Counsel for Plaintiff Sherod Bride)</u>

On behalf of Defendants Basin Western, Inc. and Jacob Koontz, I waive service of a summons in the action of <u>Sherod Bride v. Basin Western, Inc. and Jacob Koontz</u>, which is case number <u>S0100CV202200011</u> in the Superior Court of the State of Arizona in and for the County of <u>Apache</u>. I also have received a copy of the complaint in the action.

I agree to save the cost of service of a summons and complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Arizona Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within sixty (60) days after today's date, or within ninety (90) days after that date if the request was sent outside the United States.

Dated this 13th day of April, 2022.

David L. Stout, Jr.
as counsel for Defendants Basin Western, Inc.
and Jacob Koontz