**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherod August Bride,<br><br>Plaintiff,<br><br>v.<br><br>Basin Western Incorporated, et al.,<br><br>Defendants. | No. CV-22-08075-PCT-DJH<br><br>**ORDER** |

Pending before the Court is Defendant Basin Western Incorporated and Jacob Thomas Koontz's ("Defendants") Motion to Dismiss (Doc. 4). Plaintiff Sherod Bride ("Plaintiff") filed a Response (Doc. 15). Defendants filed a Reply (Doc. 16).

**I.    Background**[1]

This case concerns an automobile collision that occurred on January 10, 2020. (Doc. 1-3 at ¶ 13). On January 20, 2022, two years and ten days after the applicable statute of limitations expired, Plaintiff filed a Complaint alleging two counts of negligence and negligence per se. (*Id.* at 3–5). On April 13, 2022, Plaintiff filed his First Amended Complaint ("FAC") with additional factual allegations and amended his second count to failure to properly train and supervise. (*Id.* at 7–13). Plaintiff represents he sustained a head trauma and brain injury from the collision and was "severely mentally incapacitated until at least February 2022." (*Id.* at ¶ 23). On May 5, 2022, Defendants moved to dismiss Plaintiff's FAC, arguing Plaintiff's claims were time-barred under A.R.S. § 12–542

---

[1] The Court will assume the FAC's factual allegations are true, as it must in evaluating a motion to dismiss. *See Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001).

because Plaintiff failed to file his Complaint within two years of the date of the automobile collision.[2] (Doc. 4 at 2).

**II. Discussion**

Defendants argue the claims in Plaintiff's FAC are time-barred by A.R.S. § 12–542. (Doc. 4 at 3–4). Defendants further contend equitable tolling does not apply here because Plaintiff has insufficiently substantiated his claims of incapacitation. (*Id.*) In Response, Plaintiff argues the statute of limitations for his tort claims did not start running until February 2022 because until that time he was mentally incapacitated and of unsound mind. (Doc. 1-3 at ¶ 25). He says his disability tolled the appliable statute of limitations such that his causes of action are not time barred. (Doc. 15 at 4).

**A. Equitable Tolling**

As a federal court sitting in diversity, the Court applies the substantive law of Arizona, including Arizona's statute of limitations. *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011). Arizona has a two-year statute of limitations for personal injury claims. A.R.S. § 12-542(1). "[A] tort claim accrues when a plaintiff knows, or through the exercise of reasonable diligence should know, of the defendant's wrongful conduct." *Taylor v. State Farm Mut. Auto. Ins. Co.*, 913 P.2d 1092, 1095 (Ariz. 1996). However, a statute of limitations is tolled if a would-be plaintiff is of "unsound mind" when the cause of action accrues. *Doe v. Roe*, 955 P.2d 951, 963–64 (Ariz. 1998). Only "after removal of the disability" will the period begin to run. *Kopacz v. Banner Health*, 425 P.3d 586, 590 (Az. Ct. App. 2018). Unsound mind occurs when the "person is unable to manage his affairs or to understand his legal rights or liabilities." *Id.*

Under Ninth Circuit law, equitable tolling "is not generally amenable to resolution on a Rule 12(b)(6) motion" because its application often depends on matters outside the

---

[2] Although Defendants filed their Motion to Dismiss after Plaintiff filed his FAC, Defendants seek dismissal of Plaintiff's Complaint in their Motion. (Doc. 4). In their Reply, Defendants accurately seek dismissal of Plaintiff's FAC. (Doc. 16 at 4). Because the FAC supersedes the original Complaint, the Court will consider Defendants' request to dismiss the FAC. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (finding it is a "well-established doctrine that an amended pleading supersedes the original pleading").

pleadings. *Supermail Cargo*, 68 F.3d 1204, 1206 (9th Cir. 1995) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993)). Instead, the "issue is whether the complaint, liberally construed in light of our 'notice pleading' system, adequately alleges facts showing the potential applicability of the equitable tolling doctrine." *Cervantes*, 5 F.3d at 1277; *see also Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (noting that a motion to dismiss based on the running of the statute of limitations period may be granted only "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled").

Here, Plaintiff alleges he was "severely mentally incapacitated until at least February 2022." (Doc. 1-3 at ¶ 25). Plaintiff alleges he "sustained a head trauma and brain injury" and that "[he] is still not able to drive and has severe complications and memory issues as a result of his traumatic brain injury." (Doc. 1-3 at ¶¶ 20–28). Plaintiff also attached an affidavit from his mother, wherein she states she has consented to serve as Guardian ad Litem for him "to assist in the necessary decisions in this lawsuit." (Doc. 15 at ¶ 2). She also states she has been his primary caretaker due to his mental limitations from his brain injury and that Plaintiff was not permitted to be left alone for the first year following his injury. (*Id.* at ¶ 3). The Court concludes Plaintiff has sufficiently alleged, for purposes of overcoming a 12(b)(6) challenge, that principles of equitable tolling may render his claims timely under Arizona law. *See Supermail Cargo*, 68 F.3d at 1207 ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.").

For these reasons, Defendants' Motion to Dismiss, which seeks dismissal solely under A.R.S. § 12–542, is denied.

///

///

///

///

///

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 4) is **denied**.

Dated this 7th day of December, 2022.

*[signature]*

Honorable Diane J. Humetewa
United States District Judge